# Exhibit A

CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Pella Corporation
Teresa Van Weelden Paralegal
Pella Corporation
102 Main St
Pella IA 50219

03/26/2021

# SERVICE OF PROCESS NOTICE

Item: 2021-21

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Pella Corporation |
| 2. | **Title of Action:** | Jason Arnold vs. Pella Corporation, et al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint for Damages<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 21STCV09481 |
| 7. | **Case Type:** | Wrongful Termination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 03/25/2021 |
| 10. | **Date to Client:** | Friday 03/26/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Saturday 04/24/2021<br>CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>**(Name, City, State, and Phone Number)** | Christopher A. Adams<br>Glendale, CA<br>818-507-8525 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Notice of Case Assignment<br>* First Amended General Order, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Electronically FILED by Superior Court of California, County of Los Angeles on 03/11/2021 01:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk
21STCV09481

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
PELLA CORPORATION, a corporation and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JASON ARNOLD, individually,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
Stanley Mosk Courthouse - Central District
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
21STCV09481

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vache Thomassian, Esq., 230 North Maryland Avenue, Suite 306, Glendale, CA 91206-P. 818-507-8525

DATE: *(Fecha)* 03/11/2021 Clerk, by *(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court D. Ramos, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Pella Corporation, a corporation

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

21STCV09481

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

Electronically FILED by Superior Court of California, County of Los Angeles on 03/10/2021 04:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

CHRISTOPHER A. ADAMS (S.B. #266440)
chris@kjtlawgroup.com
VACHE A. THOMASSIAN (S.B. #289053)
caspar@kjtlawgroup.com
CASPAR JIVALAGIAN (S.B. #282818)
caspar@kjtlawgroup.com
KJT LAW GROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206
Telephone: 818.507.8525

Attorneys for Plaintiff Jason Arnold

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

JASON ARNOLD, individually,

Plaintiff,

v.

PELLA CORPORATION, a corporation; and DOES 1-20, inclusive,

Defendants.

Case No.: 21STCV09481

**COMPLAINT FOR DAMAGES:**

1. Discrimination Based on Disability;
2. Retaliation in Violation of FEHA;
3. Retaliation in Violation of Labor Code Section 98.6;
4. Wrongful Termination in Violation of Public Policy;
5. Harassment in Violation of FEHA;
6. Failure to Prevent Harassment and Discrimination;
7. Failure to Pay Minimum and Overtime Wages;
8. Failure to Provide Meal Periods;
9. Waiting Time Penalties;
10. Failure To Reimburse for Business Expenditures and Losses;
11. Improper Deductions and Withdrawals;
12. Failure To Pay Commissions; and
13. Unfair Business Practices.

**JURY TRIAL REQUESTED**

Plaintiff Jason Arnold ("Plaintiff" or "Arnold") hereby brings this case against Defendants Pella Corporation, and Does 1-20 (collectively, "Defendants"), and with respect to each allegation, Plaintiff is informed and believes and based thereon alleges as follows:

## I. INTRODUCTION

1. This case arises from Defendants' willful disregard for Plaintiff's employment rights by engaging in a severe and pervasive campaign of harassment, discrimination, and abuse against Plaintiff. During Plaintiff Arnold's employment, it became evident that Defendants were targeting Plaintiff to create a hostile work environment and take adverse actions against him on the basis of his disability and to retaliate against him for his disability and complaining about Defendants' unlawful behavior.

## II. THE PARTIES

2. **Defendant Pella Corporation** is organized as a corporation under the laws of the state of Iowa and operates in California, including Los Angeles. It conducted and continues to conduct substantial business in the state of California. At all times mentioned herein, Defendants was and is an employer covered by the California Labor Code and the California Industrial Welfare Commission Wage Order.

3. Plaintiff is unaware and ignorant of the true names and capacities of defendant sued herein as **Does 1 through 20**, inclusive, and for that reason sues said defendant by such fictitious names (the "Doc Defendants").

4. At all times herein relevant, Defendant and the Doc Defendant, and each of them, were the agents, partners, joint-venturers, joint employers, alter-egos, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at times relevant hereto were acting with the course and cope of theirs authority as such agents, partners, joint-venturers, joint employers, alter-egos, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, and all acts or omissions alleges herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein. Plaintiff is informed and believes, and based thereon alleges that the acts of each Defendant are legally attributable to the other Defendant.

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

5. Plaintiff is informed and believes, and based thereon alleges that each of the Doe Defendant is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleges in this Complaint. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of the Doe Defendant when such true names, capacities, and involvement is ascertained.

6. **Plaintiff Jason Arnold** was employed by Defendants at their operations in Brea, California from approximately September 12, 2016 to October 18, 2019 as a retail sales consultant. At all relevant times, Defendants misclassified Plaintiff as "exempt" from California and federal wage-and-hour laws and was paid a fixed salary. Plaintiff Jason Arnold is an individual residing in the County of Los Angeles, California.

7. At all times relevant to this Complaint, Defendants exercised control over the wages, hours, and working conditions of Plaintiff; suffered and permitted Plaintiff to work; and otherwise engaged Plaintiff to work, so as to create an employer-employee relationship between Defendants and Plaintiff. At all relevant times, Defendants were "employers" of Plaintiff within the meaning of all applicable California state laws. As such, Defendants are prohibited from committing various acts, including discrimination, harassment, retaliation, wage-and-hour violations, and other violations of law as alleged herein.

## III. JURISDICTION AND VENUE

8. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

9. This Court has jurisdiction over this action under the California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not specifically grant jurisdiction to any other court, and the issues are based solely on California statutes and law, including the California Labor Code, California Industrial Welfare Commission ("IWC") Wage Orders, California Code of Civil Procedure, California Civil Code, and the California Business and Professions Code.

10. The California Superior Court has jurisdiction over Defendants, because they are

KJT LAWGROUP LLP
230 N. Maryland Ave Suite 306
Glendale, CA 91206

citizens of California, have sufficient minimum contacts in California, and otherwise intentionally avail themselves to the California market, including establishing its principal place of business and transacting business in California.

11. Venue is proper in this Court, because the Defendants owns and operates a business and otherwise transact business in the County of Los Angeles. And during all relevant time periods, Plaintiff was employed by Defendants in the County of Los Angeles, Plaintiff resides in the State of California.

## IV. FACTUAL BACKGROUND

### A. Defendants Misclassified Plaintiff as Exempt from Wage-And-Hour Laws

12. On September 12, 2016, Defendants hired Plaintiff as a retail sales consultant at its Brea office.

13. At all times mentioned in this complaint, Defendants misclassified Plaintiff as an exempt, outside salesperson, and paid him a fixed salary of $1,538.46 every two weeks regardless of how many hours he worked. In addition to his salary, Defendants paid Plaintiff commissions on the sale of Defendants' window products under applicable Commission Compensation Plans. Under these plans, Plaintiff could receive up to 8% of the sale price of the Defendants' window products. In addition, Plaintiff was eligible to earn a bonus on a monthly, quarterly, and annual basis.

14. According to Defendants, Plaintiff's job position is exempt from federal and California laws mandating overtime wages, meal and rest breaks, and accurate itemized wage statements documenting overtime hours earned and missed meal breaks. That said, Plaintiff spent less than half of his time on outside sales activities.

15. Given the nature of Plaintiff's daily work and the circumstances in which it was performed, Plaintiff should not have been classified or considered as exempt from various wage-and-hour laws in relation to the work he performed, and should have been paid applicable premium overtime compensation as provided by law. Defendants failed, and willfully failed to do this with respect to its many exempt employees, including Plaintiff.

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

16. At times, Plaintiff was denied lawful meal periods by Defendants, as a result of, among other things, the demands Defendants placed upon Plaintiff in the performance of his duties and the requirements of the work performed. Defendants did not, as required by California law, pay Plaintiff one hour of premium pay at his regular rate for each time a meal period was not provided or was late, interrupted, or otherwise non-compliant.

17. In addition to the violations above, Defendants' requirement that Plaintiff work a schedule which did not validly and lawfully provide him with all authorized meal periods during his shifts, was willful and deliberate, and on information and belief, Defendants have failed to cease their unlawful policies and practices addressed herein despite being on notice of them.

18. Plaintiff sometimes worked over eight hours in a day and/or forty hours in a work week, but was not, as required under California law, properly and accurately paid overtime wages for that work. Similarly, Plaintiff sometimes worked over 12 hours in a day, but was not properly and accurately paid overtime wages for that work. Furthermore, Defendants, in violation of California law, caused Plaintiff to work seven consecutive days or more without a day of rest, without paying overtime wages.

19. Defendants' policy and practice of requiring and/or suffering and permitting Plaintiff to work overtime without fully compensating him for all hours worked led directly to Plaintiff at times working hours for which he was not fully and properly compensated.

20. Defendants failed to pay on time to Plaintiff the legal wages he earned, failed to provide all authorized meal periods owed, and failed to pay one-hour wages in lieu of each such unprovided meal period, including upon separation or discharge. Defendants have made it difficult to account with precision for the unlawfully withheld wages and deductions owed to Plaintiff during the relevant period, because Defendants directed and implemented a schedule and a compensation program which failed to pay all wages due, and failed to provide all authorized meal periods and failed to implement and preserve a lawful record-keeping method to record all non-provided meal periods owed to employees, as required for non-exempt employees by California Labor Code section 226 and applicable California Wage Orders.

21. Plaintiff alleges that Defendants know, should know, knew, and/or should have

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

known that Plaintiff was entitled to receive accurate premium wages for overtime compensation and/or premium wages under California Labor Code § 226.7 but was not receiving such accurately computed compensation.

22. Defendants and their agents knew and/or reasonably should have known that they had a duty to accurately compensate Plaintiff for all hours worked, including overtime wages and meal period premium compensation and all wages due upon separation, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

23. In addition to misclassifying Plaintiff, Defendants would unilaterally make unlawful deductions from Plaintiff's paycheck for business loses that resulted from the installation of Defendants' windows.

24. Defendants also refused to reimburse Plaintiff for expenses that he incurred that were necessary to perform his job duties, including unpaid mileage, ink for his printer, modem, office space, car rental, yard signs, parking, and postage. Despite these expenses being incurred for the benefit of Defendants, it refused to reimburse Plaintiff for them.

25. Moreover, Defendants refused to pay Plaintiff his earned commissions and bonuses in breach of Defendants' commission plans, including but not limited to the Fiscal 2019 Full Commission Compensation Plan, Fiscal 2018 Full Commission Compensation Plan, Fiscal 2017 Full Commission Compensation Plan, and Fiscal 2016 Salary Plus Commission Compensation Plan (collectively, "Compensation Plans"). Oftentimes, as discussed below, this was a result of Defendants' discriminatory conduct of giving sales contracts to other sales consultants and otherwise favoring other employees for sales targets.

### B. <u>Defendants Discriminated Against Plaintiff Due To His Disability</u>

26. During his employment, Plaintiff worked diligently, made meaningful contributions to the growth of the business, and earned substantial commissions and bonuses. He often went beyond his normal duties to bring further success for Defendants, including working weekends, weeknights, and his designated days off. Plaintiff's commitment to Defendants' long-term success

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

known that Plaintiff was entitled to receive accurate premium wages for overtime compensation and/or premium wages under California Labor Code § 226.7 but was not receiving such accurately computed compensation.

22. Defendants and their agents knew and/or reasonably should have known that they had a duty to accurately compensate Plaintiff for all hours worked, including overtime wages and meal period premium compensation and all wages due upon separation, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

23. In addition to misclassifying Plaintiff, Defendants would unilaterally make unlawful deductions from Plaintiff's paycheck for business loses that resulted from the installation of Defendants' windows.

24. Defendants also refused to reimburse Plaintiff for expenses that he incurred that were necessary to perform his job duties, including unpaid mileage, ink for his printer, modem, office space, car rental, yard signs, parking, and postage. Despite these expenses being incurred for the benefit of Defendants, it refused to reimburse Plaintiff for them.

25. Moreover, Defendants refused to pay Plaintiff his earned commissions and bonuses in breach of Defendants' commission plans, including but not limited to the Fiscal 2019 Full Commission Compensation Plan, Fiscal 2018 Full Commission Compensation Plan, Fiscal 2017 Full Commission Compensation Plan, and Fiscal 2016 Salary Plus Commission Compensation Plan (collectively, "Compensation Plans"). Oftentimes, as discussed below, this was a result of Defendants' discriminatory conduct of giving sales contracts to other sales consultants and otherwise favoring other employees for sales targets.

### B. <u>Defendants Discriminated Against Plaintiff Due To His Disability</u>

26. During his employment, Plaintiff worked diligently, made meaningful contributions to the growth of the business, and earned substantial commissions and bonuses. He often went beyond his normal duties to bring further success for Defendants, including working weekends, weeknights, and his designated days off. Plaintiff's commitment to Defendants' long-term success

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

was demonstrated time and again, bearing fruit for Defendants in the form of, among other things, procuring huge sales contracts, new clientele, a loyal client base, and an enhanced reputation for Defendants in the marketplace.

27. Despite this, Plaintiffs faced an increasingly hostile work environment, created by Defendants' discriminatory and retaliatory actions.

28. In April 2018, Plaintiff submitted a doctor's note requesting a one-week leave from work as a result of his disability involving, among other things, job-related hypertension and loss of sleep. After returning from this one-week leave, Plaintiff's direct supervisor, Ruben Aguilera, was upset about him having to take time off, and told him to make sure it doesn't happen again. Unfortunately, Plaintiff's disability worsened, and in August 2018, he took another leave of absence – this time for 45 days.

29. After returning to work from his second leave, Defendants retaliated against Plaintiff creating a hostile and discriminatory work environment on the basis of his disability and taking protected leave. This retaliation was broad and severe and included Defendants (i) refusing to provide Plaintiff with the same number of leads as other sales consultants – i.e., inequitable lead distribution; (ii) altering Plaintiff's closing percentages to make it appear as if he was not hitting his sales goals; (iii) assigning Plaintiff invalid leads to further harm his sales numbers; (iv) reassigning valuable leads that were original assigned to Plaintiff to other sales consultants; (v) altering monthly bonus criteria to favor another sales consultant, costing Plaintiff his monthly bonus; (vi) cancelling sales appointments in the system, and then disciplining Plaintiff when he did not attend the appointment; and (vii) while he was on leave, giving Plaintiff's commission to another sales consultant.

30. In response, Plaintiff would notify Defendants of these discriminatory practices, and request that they be remedied. Instead of doing so, Defendants doubled-downed and further retaliated against Defendants, including creating a paper trail to appear as if Plaintiff was not meeting his sales goals.

31. Defendants' conduct and adverse treatment of Plaintiff has been unlawfully discriminatory, harassing, and retaliatory towards Plaintiff, and also violative of Plaintiff's other

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

rights and protections under California law, and Defendants' related obligations as further alleged herein.

32. All of these burdens have caused, and continue to cause, Plaintiff, severe mental anguish and emotional distress and exacerbated his disability.

**C. Defendants Terminated Plaintiff In Retaliation For His Complaints About Their Discriminatory Conduct And On The Basis Of His Disability**

33. In light of Defendants continuous harassment and retaliatory behavior and its refusal to take any corrective action, in May 2019, Plaintiff notified Defendants' Human Resources Department of this illegal behavior and provided documentary support of same. Defendants reviewed these documents and guaranteed that all future leads would be distributed properly and evenly to all sales consultants.

34. Unfortunately, Defendants did not take any corrective action and its illegal conduct continued. As a result, in August 2019, Plaintiff again submitted a detailed e-mail to Defendants' management complaining about Defendants' long history of discrimination and retaliation towards him due to his disability.

35. In response to Plaintiff's formal complaint, Defendants informed Plaintiff that it would conduct an investigation of his claims. Instead of doing so and supposedly while this investigation was pending, in retaliation for making his complaint, on October 18, 2019, Defendants wrongfully terminated Plaintiff's employment.

36. Plaintiff alleges that the true reasons for his termination were due to (a) his complaints about the harassment and discrimination against Plaintiff; and (b) his disability and its repercussions for Defendants. In other words, charged with their retaliatory animus for Plaintiff because he relayed and raised concerns about Defendants' unlawful conduct, Defendants terminated Plaintiff.

37. Defendants' conduct has damaged Plaintiff and resulted in severe emotional distress, loss of income and other employment benefits, and damage to Plaintiff's reputation among co-workers and other persons whom Plaintiff worked with or who were and are instrumental in Plaintiff earning his income.

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

38. Through these and other similar ongoing acts, omissions, and courses of conduct, Defendants created a damaging and intolerable circumstance and work environment for Plaintiff which detrimentally and pervasively altered the terms and conditions of his employment and caused Plaintiff to sustain various forms of damages.

39. Defendants' conduct and adverse treatment of Plaintiff has been unlawfully discriminatory, harassing, and retaliatory towards Plaintiff, and also violative of Plaintiff's other rights and protections under California law, and Defendants' related obligations as further alleged herein.

### D. <u>Defendants Ignored Their Legal Obligations To Exercise Reasonable Care To Prevent And Correct Discrimination, Retaliation, And Harassment</u>

40. Instead of establishing policies of non-discrimination, non-harassment, and non-retaliation, Defendants have done the opposite: Defendants established a policy, custom, practice or usage within Defendants, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and acquiesced in discrimination, harassment, and retaliation towards its employees.

41. As discussed above, on several occasions, Plaintiff complained about Defendants' discriminator conduct. On most of these occasions, not only did Defendants fail to appropriately respond to complaints of discrimination, Defendants also swept their conduct under the rug and ignored them. Even after Plaintiff insisted that Defendants take action to prevent and correct discrimination, Defendants did not correct its unlawful practices, violations, and adverse treatment of employees, and did not institute or communicate avenues for any employee complaints, including complaints about discrimination. Indeed, ultimately Defendants terminated Plaintiff instead of taking any corrective action.

## V. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

42. Prior to commencing this civil action, and within the time provided by law, Plaintiff satisfied (or was otherwise not subject to) administrative prerequisites with respect to this and related filings, including *inter alia* Plaintiff Arnold requesting, receiving, and serving on Defendants an immediate "Right-to-Sue" Letter from the DFEH in connection with Plaintiff Arnold's FEHA-

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

based claims.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Discrimination Based Upon Disability**

(Violation of Government Code § 12940(a), et seq. and related statutes and regulations)

(By Plaintiff Against Each Defendants)

43. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

44. Plaintiff had, or was perceived to have, a past, current, or future disability that limited at least one major life activity.

45. Defendants knew or should have known that Plaintiff was, or was perceived to be, an individual with a past, current, or future disability that limited at least one major life activity.

46. At all times material to this complaint, Plaintiff was able to perform the essential functions of his position with or without reasonable accommodation of his disability.

47. At all times herein mentioned, Government Code § 12940 et seq. (the Fair Employment and Housing Act, or "FEHA") was in full force and effect and was binding on Defendants. The FEHA required Defendants and its agents to refrain from discriminating against any employee, including Plaintiff, on the basis of, among other things, disability. Further, the FEHA required Defendants to take all reasonable steps necessary to prevent such discrimination from occurring.

48. As alleged above, Plaintiff's disability was a substantial motivating factor in Defendants' terminating Plaintiff, and other discrimination against him, in violation of Government Code § 12940(a).

49. Defendants, through its managers and agents, further violated the FEHA by failing to take all reasonable steps necessary to prevent disability discrimination against Plaintiff from occurring.

50. As a proximate result of the aforesaid acts of Defendants, Plaintiff has sustained and continues to sustain economic losses, emotional distress, and mental and physical pain and anguish in an amount subject to proof at trial.

51. The persons who committed the unlawful acts described herein were officers, directors, or managing agents of Defendants acting within the scope of their employment. Moreover, Defendants and its agents aided, abetted, incited, compelled, and/or coerced the commission of the alleged discrimination. The unlawful acts described herein were committed with oppression, fraud and/or malice and were authorized, ratified or both by such officers, directors, or managing agents, and therefore, Plaintiff seeks an award of punitive damages in an amount according to proof.

52. Due to Defendants' discrimination, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, all to Plaintiff's damage in a sum according to proof.

## SECOND CAUSE OF ACTION

**Retaliation In Violation Of FEHA**

(Violation of Government Code § 12940(h), et seq. and related statutes and regulations)

(By Plaintiff Against Defendants)

53. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

54. At all times material to the Complaint, Government Code § 12940(h) was in full force and effect and was binding on Defendants. This section of the FEHA requires Defendants to refrain from retaliating against any employee for asserting their rights under the FEHA. Plaintiff engaged in protected activity by complaining of unlawful harassment, discrimination and/or retaliation, opposing and refusing to participate in such activity, and participating in asserting his rights.

55. As alleged in part above, Plaintiff exercised these rights under the FEHA and engaged in protected activity.

56. Plaintiff's exercise of such rights under the FEHA was at least a substantial motivating factor in Defendants' decision to take various adverse employment actions against Plaintiff, for example, as alleged in part above.

57. As a proximate result of the aforesaid acts of Defendants in violation of the FEHA, Plaintiff has sustained and continues to sustain economic losses, emotional distress, and mental and physical pain and anguish in an amount subject to proof.

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

58. The persons who committed the unlawful acts described herein were officers, directors, or managing agents of Defendants acting within the scope of their employment. Moreover, Defendants and their agents aided, abetted, incited, compelled, and/or coerced the commission of such unlawful acts. The unlawful acts described herein were committed with oppression, fraud and/or malice and were authorized, ratified or both by such officers, directors, or managing agents. As a result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff seeks an award of punitive damages in an amount according to proof.

59. Due to Defendants' violation of the FEHA, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, all to Plaintiff's damage in a sum according to proof.

## THIRD CAUSE OF ACTION

**Retaliation In Violation Of Labor Code Section 98.6**

(Violation of Labor Code §§ 98.6, et seq. and related statutes and regulations)

(By Plaintiff Against Defendants)

60. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

61. At all times material to the Complaint, the California Labor Code was in full force and effect and was binding on Defendants.

62. The Labor Code, as well as other California laws, set forth numerous obligations for employers, provide protections and rights to employees, and set forth various anti-discrimination and anti-retaliation provisions prohibiting employers from discriminating or retaliating against employees in the exercise of such rights.

63. Labor Code section 90.5 states "[i]t is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards." The Division of Labor Standards Enforcement "may enforce the provision of the Labor Code and all labor laws of the state the enforcement of which is not specifically vested in

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

any other officer, board or commission." Labor Code § 95. Under the Labor Code, an action may also be prosecuted "for the collection of wages and other moneys payable to employees or to the state arising out of an employment relationship." Labor Code § 98.3.

64. A cause of action for retaliation lies where the Plaintiff shows he or she engaged in a protected activity, the employer subjected that person to an adverse employment action, and there is a causal nexus between the two.

65. Labor Code section 98.6 provides *inter alia* that "no person shall discharge an employee or in any manner discriminate against any employee . . . because the employee . . . engaged in any conduct delineated in th[e] chapter . . . or because of the exercise by the employee . . . of any rights afforded him or her." That section further provides that any employee who suffers adverse action for such conduct or in the exercise of rights afforded him or her shall be entitled to various remedies, including reimbursement of lost wages and work benefits. Labor Code § 98.6.

66. Under Labor Code section 96 and related statutes, an employee may assert a claim for damages, loss of wages, and other remedies under various circumstances, including if the employee suffers damage as a result of misrepresentation of the conditions of employment or for loss of wages as a result of demotion, suspension, or discharge from employment for lawful conduct occurring during nonworking hours.

67. Labor Code section 98.7 provides that any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may either pursue administrative remedies by filing a complaint with the Labor Commissioner, or alternately, by filing an action in Court, which shall have jurisdiction to determine whether a violation occurred, and if so, to restrain the violation and order all appropriate relief to remedy the violation. Appropriate relief includes, but is not limited to, rehiring or reinstatement of the complainant, reimbursement of lost wages and interest thereon, payment of reasonable attorney fees, and other compensation or equitable relief as is appropriate under the circumstances of the case. Labor Code § 98.7. Exercise of the rights and remedies so provided neither require that an employee exhaust administrative remedies or procedures in the

KJT LAWGROUP LLP
230 N. Maryland Ave., Suite 306
Glendale, CA 91206

first instance, nor preclude an employee from pursuing any other rights and remedies provided by law. Labor Code § 98.7(f)(g).

68. At all times material to the complaint, the Labor Code and other statutes as alleged herein were in full force and effect and binding on Defendants. These statutes required Defendants to refrain from violating the Labor Code, including retaliating against or otherwise taking any other adverse action against any employee in the exercise of such rights provided or for engaging in protected activity.

69. Plaintiff exercised rights afforded to him and was engaged in such protected activity, including, without limitation, by engaging in lawful and protected activity, reporting activity that was in violation of law and/or Plaintiff had reasonable cause to believe was in violation of law, rule, or regulation, seeking to assert his rights and obtain benefits and compensation as a disabled person, acting based on and in accordance with representations and agreements by his employer and its agents, requesting and/or requiring reasonable accommodation, and opposing and refusing to participate in activity and a course of conduct that would result, or upon reasonable belief could result, in violation or noncompliance with law, rule, or regulation.

70. Plaintiff's exercise of rights afforded to him and his engagement in such protected activity was at least a substantial motivating factor in Defendants' adverse employment actions against Plaintiff, as alleged above, including the various adverse treatment to which Plaintiff has been subjected.

71. As a proximate result of Defendants' willful, knowing, and intentional violations, Plaintiff has sustained and continues to sustain economic losses, including, without limitation, lost wages and loss of other employment benefits, emotional distress, and mental and physical pain and anguish in an amount subject to proof.

72. The persons who committed the unlawful acts described herein were officers, directors, or managing agents of Defendants acting within the scope of their employment. Moreover, Defendants and their agents aided, abetted, incited, compelled, and/or coerced the commission of such unlawful acts. The unlawful acts described herein were committed with oppression, fraud and/or malice and were authorized, ratified or both by such officers, directors,

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

or managing agents. As a result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff seeks an award of punitive damages in an amount according to proof.

73. Due to Defendants' violations as alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, all to Plaintiff's damage in a sum according to proof.

## FOURTH CAUSE OF ACTION

**Wrongful Termination In Violation Of Public Policy**

(Violation of Labor Code § 1102.5 et seq. and related statutes and regulations)

(By Plaintiff Against Defendants)

74. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

75. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code § 12940, *et seq.*, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, sex, race, age, disability, color, religion, and national origin as identified in California Government Code § 12940 (a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on October 18, 2019, on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq.*, and the laws and regulations promulgated thereunder.

76. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

77. As a proximate result of Defendants' willful, knowing, and intentional violations,

KJT LAWGROUP LLP
230 N. Maryland Ave Suite 306
Glendale, CA 91206

Plaintiff has sustained and continues to sustain economic losses, including, without limitation, lost wages and loss of other employment benefits, emotional distress, and mental and physical pain and anguish in an amount subject to proof.

78. The acts taken toward Plaintiff were carried out by Defendants and/or one of Defendants officers, directors, and/or managing agents acting in a despicable oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## FIFTH CAUSE OF ACTION

### Harassment In Violation of FEHA

(Violation of Government Code § 12940(j), et seq. and related statutes and regulations)
(By Plaintiff Against Defendants)

79. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

80. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants. California Government Code § 12940 et seq. provides that it is an unlawful employment practice for an employer or any other person, because of disability, national origin, color, gender, or religion to harass an employee and that such persons shall take all reasonable steps to prevent harassment from occurring.

81. Defendants willfully and intentionally engaged in conduct to harass and intimidate Plaintiff by creating a hostile work environment.

82. Defendants' harassing conduct included but is not limited to the conduct alleged above, and further ratifying and attempting to justify and excuse Defendants' illegal conduct.

83. Defendants also failed to take appropriate corrective action to prevent harassment from continuing or otherwise correcting such unlawful conduct. At no time did Defendants take any corrective action with respect to this serious and severe conduct. Defendants' actions were so severe, pervasive, and/or abusive that this altered and has altered the terms and conditions of Plaintiff's employment.

KJT LAWGROUP LLP
230 N. Maryland Ave Suite 306
Glendale, CA 91206

84. As a proximate result of Defendants' willful, knowing, and intentional violation of the FEHA, Plaintiff has sustained and continues to sustain economic losses, emotional distress, and mental and physical pain and anguish in an amount subject to proof.

85. The persons who committed the unlawful acts described herein were officers, directors, or managing agents of Defendants acting within the scope of their employment. Moreover, Defendants and their agents aided, abetted, incited, compelled, and/or coerced the commission of such unlawful acts. The unlawful acts described herein were committed with oppression, fraud and/or malice and were authorized, ratified or both by such officers, directors, or managing agents. As a result of Defendants' willful, knowing, and intentional discrimination, retaliation, and harassment against Plaintiff, Plaintiff seeks an award of punitive damages in an amount according to proof.

86. Due to Defendants' violation of the FEHA, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, all to Plaintiff's damage in a sum according to proof.

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

## SIXTH CAUSE OF ACTION

### Failure To Prevent Harassment And Discrimination

(Violation of Government Code § 12940(k), et seq. and related statutes and regulations)
(By Plaintiff Against Defendants)

87. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

88. Plaintiff had, or was perceived to have, a past, current, or future disability that limited at least one major life activity.

89. Defendants and its managing agents knew or should have known that Plaintiff was, or was perceived to be, an individual with past, current, or future disability that limited at least one major life activity.

90. At all times herein mentioned, Government Code § 12940(k) was in full force and effect and was binding on Defendants. This section makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

91. Notwithstanding notice of their obligation to prevent and remedy discrimination,

harassment, and retaliation, Defendants failed to take adequate steps to do so. For example, Defendants failed to properly implement and follow appropriate policies and procedures relating to compliance with anti-discrimination and anti-retaliation laws, failed to adequately to train their managers and agents responsible for carrying out such policies and procedure and making related decisions, failed to timely and properly investigate and prevent continuing unlawful behavior and retaliation, and failed to properly discipline and monitor individuals who had or should have been suspected of unlawful discrimination, harassment, and/or retaliation against employees or engaging in other unlawful behavior, or otherwise remedy such violations.

92. As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff and Defendants' other failures as alleged herein, Plaintiff has sustained and continues to sustain economic losses, emotional distress, and mental and physical pain and anguish in an amount subject to proof.

93. The persons who committed the unlawful acts described herein were officers, directors, or managing agents of Defendants acting within the scope of their employment. Moreover, Defendants and its agents aided, abetted, incited, compelled, and/or coerced the commission of such unlawful acts. The unlawful acts described herein were committed with oppression, fraud and/or malice and were authorized, ratified or both by such officers, directors, or managing agents. As a result of Defendants' willful, knowing, and intentional unlawful acts against Plaintiff, Plaintiff seeks an award of punitive damages in an amount according to proof.

94. Due to Defendants' unlawful acts, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, all to Plaintiff's damage in a sum according to proof.

## SEVENTH CAUSE OF ACTION

### Failure to Pay Minimum and Overtime Wages

(Violation of Labor Code §§ 510, 558, 1194 et seq., 1197.1, 1198, IWC Wage Order)
(By Plaintiff Against Defendants)

95. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

96. At all times relevant, the IWC Wage Orders applicable to Plaintiff's employment by Defendants provided that employees working for more than eight (8) hours in a day or forty

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

(40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.

97. Labor Code § 510 codifies the obligation to pay overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

98. Plaintiff oftentimes worked in excess of eight (8) hours in a day and/or forty (40) hours in a week but Defendants did not pay Plaintiff overtime compensation as required by law.

99. At all times relevant, Plaintiff regularly performed non-exempt work, including in excess of 50% of the time in which Plaintiff was working for Defendants, and thus, was subject to the overtime requirements of the applicable IWC wage orders and the Labor Code.

100. Defendants' failure to pay Plaintiff such premium overtime compensation violates the provisions of Labor Code § 510 and § 1198, and the applicable IWC wage orders and is therefore unlawful.

101. Defendants owe Plaintiff overtime wages, has failed and refused, and continues to fail and refuse, to pay the overtime wages owed.

102. Pursuant to Labor Code § 1194, Plaintiff is entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**Failure to Provide Meal Periods**

(Violation of Labor Code §§ 226.7, 512, 1198, IWC Wage Order)

(By Plaintiff Against Defendants)

103. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

104. Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Likewise, no employer shall

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

employ an employee for a work period of more than ten (10) hours without providing a second meal period of not less than thirty (30) minutes unless that employee works less than twelve (12) hours and agrees to waive said second meal period.

105. Pursuant to the IWC wage orders applicable to Plaintiff's employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer, and the employee must consent in writing to the "on duty" meal period. Plaintiff did not consent in writing to an "on duty" meal period. Despite said requirements of the IWC wage orders applicable to Plaintiff's employment by Defendants and Labor Code § 512 and § 226.7, Plaintiff was not provided with timely, uninterrupted first meal periods, and was similarly not provided with a second meal periods when such should have been provided.

106. Defendants failed to provide Plaintiff all required meal breaks of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff's employment by Defendants. In addition, Defendants failed to record meal breaks (and the absence thereof) in compliance with the Labor Code and applicable IWC wage order provisions. As a proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof at time of trial.

107. Pursuant to Labor Code § 226.7, Plaintiff is entitled to recover one (1) hour of premium pay for each day in which a lawful meal period was not provided.

**NINTH CAUSE OF ACTION**

**Failure To Timely Pay Wages**

(Violation of Labor Code §§ 201, 202, and 203)

(By Plaintiff Against Defendants)

108. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

109. Sections 201 and 202 of the California Labor Code requires Defendants to pay employees all wages due within 24 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a sanction and amount owed, continue to pay the subject employee's wages until the back wages are

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

paid in full or an action is commenced. The sanction and amount owed cannot exceed 30 days of wages.

110. Plaintiff is entitled to compensation for all forms of wages earned, including, but not limited to, regular and overtime wages that were improperly and/or insufficiently paid and vacation commissions, compensation for non-provided meal and rest periods, but to date has not received such compensation, therefore entitling Plaintiff to Labor Code section 203 amounts and penalties.

111. More than 30 days have passed since Plaintiff has left Defendants' employ, and Plaintiff has not received payment pursuant to Labor Code section 203.

112. As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff is entitled to 30 days' wages under Labor Code section 203 for failure to pay legal wages. Plaintiff is also entitled to an additional 30 days' wages under Labor Code section 203 for willful failure to pay one hour wages for rest and meal period violations and failure to pay all wages owed, together with interest thereon and attorneys' fees and costs.

## TENTH CAUSE OF ACTION

**Failure To Reimburse for Business Expenditures and Losses**
(Violation of Labor Code § 2802)
(By Plaintiff Against Defendants)

113. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

114. Pursuant to California Labor Code § 2802(a), "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

115. As a pattern and practice, Defendants regularly failed to reimburse and indemnify Plaintiff for business expenses.

116. Pursuant to California Labor Code § 2802, Plaintiff and Class members are entitled to recover unreimbursed business expenses. As a proximate result of these violations, Plaintiff has

KJT LAWGROUP LLP
230 N. Maryland Ave., Suite 306
Glendale, CA 91206

been damaged in an amount according to proof at time of trial. Pursuant to California Labor Code § 2802(c), Plaintiff is also entitled to recover interest, costs, and attorneys' fees. Plaintiff is further entitled to attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and pursuant to California Labor Code § 2699(g)(1), Plaintiff is entitled to an award of reasonable attorneys' fees and costs relating to their claims for civil penalties.

**ELEVENTH CAUSE OF ACTION**
**Improper Deductions and Withholdings**
(Violation of Labor Code §§ 201, 221-223)
(By Plaintiff Against Defendants)

117. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

118. Pursuant to California Labor Code §§ 221-224 and 2860, it is unlawful for an employer to collect or receive from an employee any part of the employees' wages and to make improper, unlawful, or unauthorized deductions from employees' paychecks.

119. Plaintiff is informed and believe and thereon allege that, in violation of §§ 221-223, and 2860, Defendants improperly deducted items and expenses from the paychecks of Plaintiff to which Defendants were not entitled.

120. As a proximate cause of these violations, Plaintiff and other Class members have been damaged in an amount according to proof at time of trial. Plaintiff and the other Class members are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code § 558, plus interest, reasonable attorneys' fees and costs of suit.

**TWELFTH CAUSE OF ACTION**
**Failure To Pay Commissions**
(Violation of Labor Code §§ 200, 204.1)
(By Plaintiff Against Defendants)

121. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

122. Plaintiff earned commission wages within the meaning of California Labor Code Sections 200 and 204.1.

123. Defendants knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of the commissions he earned.

124. Plaintiff entered into written commission contracts with Defendants. These contracts provided that Defendants would pay commissions based on sales credited to Plaintiff and in accordance with the commission rates set forth in his Compensation Plans.

125. Plaintiff has performed all of the duties and obligations required of them by Defendants that would entitle them to receive commissions. Plaintiff has met all lawful conditions precedent to the earning of commissions. Defendants have credited Plaintiff for sales that are encompassed by his commission contracts.

126. Pursuant to California Labor Code §§ 200 *et seq.*, Plaintiff is entitled to recover unpaid commissions, with interest, attorney's fees, costs, penalties, all in an amount to be proven at trial.

KJT LAWGROUP LLP
230 N. Maryland Ave., Suite 306
Glendale, CA 91206

## THIRTEENTH CAUSE OF ACTION

**Unfair Competition**

(Violation of California Business and Professions Code § 17200, *et seq.*)

(By Plaintiff Against Each Defendants)

127. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

128. A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.* Defendants has engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above, including failing to pay reporting time pay, and failing to provide meal and rest breaks in violation of the applicable IWC Wage Order and California Labor Code.

129. Plaintiff has also been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

130. Defendants' conduct, as alleged in this Complaint, has been, and continues to be,

unfair, unlawful, and harmful to Plaintiff, Defendants' competitors, and the public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

131. Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during the relevant time period; an award of attorneys' fees pursuant to California Labor Code § 1194; and California Code of Civil Procedure § 1021.5; interest; and an award of costs.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff prays for an award and judgment against Defendants jointly and severally as follows:

1. For compensatory damages;
2. For general damages, including, without limitation, for physical harm and/or mental and emotional distress according to proof on applicable causes of action;
3. For punitive damages on applicable causes of action;
4. For applicable penalties;
5. For injunctive relief on applicable causes of action;
6. For an award of interest, including prejudgment interest, at the legal rate;
7. For an award of attorneys' fees on the applicable causes of action;
8. For costs of suit incurred; and
9. For such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial in this matter on all matters triable to a jury.

KJT LAWGROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

KJT LAW GROUP, LLP
Christopher A. Adams, Esq.
Vache A. Thomassian, Esq.
Caspar Jivalagian, Esq.

Dated: March 10, 2021

By: ______________________
Attorneys for Plaintiff Jason Arnold

KJT LAW GROUP LLP
230 N. Maryland Ave. Suite 306
Glendale, CA 91206

Electronically FILED by Superior Court of California, County of Los Angeles on 03/10/2021 ... PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Vache A. Thomassian, Esq. SBN 289053
KJT Law Group, LLP
230 North Maryland Avenue, Suite 306
Glendale, CA 91206
TELEPHONE NO.: 818-507-8525 FAX NO.: 818-507-8588
ATTORNEY FOR (Name): JASON ARNOLD

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
JASON ARNOLD v. PELLA CORPORATION

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 21STCV09481
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 13
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:

Vache A. Thomassian
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: JASON ARNOLD v. PELLA CORPORATION | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: JASON ARNOLD v. PELLA CORPORATION | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: JASON ARNOLD v. PELLA CORPORATION | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: JASON ARNOLD v. PELLA CORPORATION | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 1104 E Colorado Blvd |
|---|---|---|---|
| CITY: Pasadena | STATE: CA | ZIP CODE: 91106 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 3/10/21

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/10/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: M. Barel Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV09481 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Barbara A. Meiers | 12 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 03/11/2021 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By ________, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Kevin C. Brazile

KEVIN C. BRAZILE
Presiding Judge

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR PLAINTIFF)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request)
3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

__________________________ ➤ __________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

__________________________ ➤ __________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

__________________________ ➤ __________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

__________________________ ➤ __________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

__________________________ ➤ __________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

__________________________ ➤ __________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

__________________________ ➤ __________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

**THE COURT SO ORDERS.**

Date: ____________________ __________________________
JUDICIAL OFFICER

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
    - Only MCLA provides mediation in person, by phone and by videoconference.

**These organizations cannot accept every case and they may decline cases at their discretion.**
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
    - Free, day- of- trial mediations at the courthouse. No appointment needed.
    - Free or low-cost mediations before the day of trial.
    - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

ON-CALL LEGAL

**FILE & SERVE**
1875 Century Park East, Lobby-Suite H
Los Angeles, CA 90067
PHONE (310) 858-9800
FAX (888) 543-5126
www.OnCallLegal.com

Invoice No.: **FS-201182A1**

RUSH

**CUST #: 002661**
**KJT Law Group, LLP**
**230 N. Maryland Ave. Suite 306**
**Glendale CA, 91206**

Attention: Erica Dermesropian
Email: erica@kjtlawgroup.com
Phone: (818) 507-8525

**ORDER DATE: 3/24/2021**
ORDER TIME: 10:21 AM
**DUE DATE #: 3/25/2021**

**PRIORITY (on Due Date)**
**File by End of Day**

COURT / DESTINATION:
**Los Angeles County Superior Court - Stanley Mosk C**
**111 North Hill Street**
**Los Angeles, CA 90012**
CASE# **21STCV09481**
CASE TITLE: **Jason Arnold, indivi VS. Pella Corporation, a**
BILLING / FILE #: **EM00135**
Claim Number:

**HEARING DATE:** **DEPT. 12** **ROOM.**

Servee: **Pella Corporation, a corporation**
Agent: **Corporate Creations Network, Inc. Registered Agent for Service of process**
Business Address: **4640 Admiralty Way Fl 5, Marina del Rey, CA 90292-6636**

Documents: 0 Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order; Voluntary Efficient Litigation Stipulations.;
# FILES UPLOADED: **9**
INSTRUCTIONS: **Please send to their service of agent as Corporate Creations Network, Inc. Att: Sarah Clemens**
File Proof of Service: **YES**

| DATE | TIME | DRIVER # | NOTES FROM SERVER(S) | | |
|---|---|---|---|---|---|
| | | | | Service#1 | |
| | | | | Service#2 | |
| | | | | Rush | |
| | | | | Skip Trace | |
| | | | | Fees Advanced | |
| | | | | Check Charge | |
| | | | | Printing | |
| | | | | File Proof | |
| | | | | | |
| | | | | Total | |

Physical Description:
Age: Height: Race: Hair:
Sex: Weight: Eyes:
Marks:

☐ Personal Service
☐ Substituted Service
☐ Not Served

Served At:
Served To: ____________________

Title/Rel: ____________________
Date: ____________________
Time: ____________________
Server:

MAR 25 2021